Rod C. WEAST Plaintiff–Appellee,

v.

PIERCE COUNTY; John Shields, in his official and individual capacities; and Myron Smith, in his official and individual capacities, Defendants–Appellants.

No. 00–36076.

D.C. No. CV–99–05407–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided May 13, 2002.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before RYMER, MCKEOWN, and GOULD, Circuit Judges.

## MEMORANDUM *

Plaintiff–Appellee Rod C. Weast, a sergeant with the Pierce County Sheriff's Department ("the Department"), filed a 42 U.S.C. § 1983 claim alleging that he was removed from his position as supervisor of the Hazardous Devices Squad ("HDS") after criticizing the policies and management of the Department. The individual defendants, Sheriff John Shields and Captain Myron Smith, asserted that they were entitled to qualified immunity and moved for summary judgment dismissal. The district court denied the motion. Defendants filed this interlocutory appeal.

Qualified immunity will attach to Shields and Smith unless Weast can show "1) that [his] speech involved a matter of public concern, and 2) that the interests served by allowing [him] to express [himself] outweighed the [County's] interest in promoting workplace efficiency and avoiding

workplace disruption." *Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 747 (9th Cir.2001) (citing *Brewster v. Board of Educ.*, 149 F.3d 971, 978 (9th Cir.1998)). This balancing of free expression and workplace disruption was first articulated in *Pickering v. Board of Educ.*, 391 U.S. 563, 568, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1988).

We have previously held that a public employee's statements on the competency, readiness and preparation of firefighters and police officers are statements addressing matters of public concern. *See Gilbrook v. City of Westminster*, 177 F.3d 839, 866 (9th Cir.1999) ("[A]n opinion about the preparedness of a vital public-safety institution, such as a fire department, goes to the core of what constitutes speech on matters of public concern"); *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir.1983) ("[T]he competency of the police force is surely a matter of great public concern."). Weast's letter and whistleblower complaint addressed the HDS' ability to respond to bomb-related emergencies safely and adequately. This speech involved a matter of public concern.

We next examine whether Weast has shown that the *Pickering* balancing test weighs in his favor. This test requires "a balance between the interests of [Weast], as a citizen, in commenting on matters of public concern and the interest of the [County], as an employer, in promoting the efficiency of the public services it performs through its employees." *Pickering*, 391 U.S. at 568, 88 S.Ct. 1731. In this balance, we recognize that the defendants have "wide discretion and control over the management of [their] personnel and internal affairs." *Connick v. Myers*, 461 U.S. 138, 151, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983)

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

(quoting *Arnett v. Kennedy*, 416 U.S. 134, 168, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (Powell, J., concurring)). Moreover, for the *Pickering* balance to weigh in their favor, "public employers need not allege that an employee's expression actually disrupted the workplace; 'reasonable predictions of disruption' are sufficient." *Brewster*, 149 F.3d at 979 (quoting *Waters v. Churchill*, 511 U.S. 661, 673, 114 S.Ct. 1878, 128 L.Ed.2d 686 (1994)).

Here, defendants argue that the "inherent disruption caused by [Weast's] insubordination" would be "disruptive to the cohesive operation of the Department." This allegation is conclusory and not supported by any evidence in the record. That Weast did not apologize to Sheriff Shields for the alleged defamatory tone of his letter does not, by itself, establish that Weast's speech had or predictably would have disruptive effects. *See Roth v. Veteran's Admin.*, 856 F.2d 1401, 1408 (9th Cir.1988) ("Defendants cannot rely on disruption which they instigated or exacerbated to outweigh [plaintiff's] first amendment rights.").

Defendants also contend that Weast was removed from his position as HDS supervisor because he was not competent to lead the HDS. Defendants' alleged justifications for removal, however, do not address whether Weast's letter or whistleblower complaint disrupted the Department's operations or "threatened to have any such negative consequence." *Gilbrook*, 177 F.3d at 868.

Weast has shown that (1) his speech involved a matter of public concern and (2) the *Pickering* balancing test weighs in his favor. We affirm the district court's denial of summary judgment on defendants' qualified immunity claim.

AFFIRMED.