**Rod C. WEAST, Plaintiff—Appellee,**

v.

**COUNTY OF PIERCE, et al.,
Defendants—Appellants.**

No. 03–35394.
D.C. No. CV–99–05407–FDB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 2004.

Decided Oct. 21, 2004.

Hugh J. McGavick, Esq., Olympia, WA, for Plaintiff–Appellee.

Joan K. Mell, Esq., Miller Quinlan & Auter, John A. Miller, Esq., Miller & Dart, Fircrest, WA, for Defendants–Appellants.

Before D.W. NELSON, REINHARDT, and THOMAS, Circuit Judges.

### MEMORANDUM *

Plaintiff–Appellee Rod C. Weast, a sergeant with the Pierce County Sheriff's Department, filed a 42 U.S.C. § 1983 action, alleging that he was removed from his position as supervisor of the Hazardous Devices Squad ("HDS") in retaliation for speech protected by the First Amendment, namely a letter and whistleblower complaint protesting the management of HDS.

In a prior ruling, we affirmed the district court's partial denial of summary judgment. Specifically, we held that Weast's speech—the letter and the whistleblower complaint—"involved a matter of public concern" and that the speech was protected because Weast's interest in commenting on such matters outweighed the county's interest "in promoting the efficiency of the public services it performs through its employees." *Weast v. Pierce County*, 34 Fed. Appx. 587, 588 (9th Cir.2002) (*Weast I*). Furthermore, we affirmed that the individual defendants were not entitled to qualified immunity. *Id.* at 589.

At trial, the jury found that Weast's letter and whistleblower complaint were substantial or motivating factors in Weast's removal as supervisor of HDS and that he would not have been removed as supervisor in the absence of his speech. The jury awarded Weast compensatory damages from the County and both compensatory and punitive damages from the individual defendants, all in modest amounts. The district court denied defendants' motion for judgment as a matter of law.

We review the district court's conclusions of law and its denial of defendants' motion for judgment as a matter of law de novo. *See Chevron USA Inc. v. Bronster*, 363 F.3d 846, 855 (9th Cir.2004). In reviewing the district court's decision on the motion, we consider whether the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict. *Pavao v. Pagay*, 307 F.3d 915, 918 (9th Cir.2002). We affirm the judgment below.

█ The *Weast I* panel's determination that Weast's speech was constitutionally

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

protected and that defendants were not entitled to qualified immunity, *Weast I,* 34 Fed.Appx. at 589,[1] is "law of the case," because the evidence at trial was not substantially different from the evidence at summary judgment; no new precedent exists that would change the analysis of whether Weast's speech was entitled to constitutional protection or whether the defendants were entitled to qualified immunity; and the decision was neither clearly erroneous, nor would it work a manifest injustice. *See Leslie Salt Co. v. United States,* 55 F.3d 1388, 1392 (9th Cir.1995).

Even if the prior panel's holdings were not law of the case, we would conclude that Weast's speech is constitutionally protected and the individual defendants are not entitled to qualified immunity. It has been firmly established in this circuit since 1983, well before Weast filed his complaints, that police preparedness and efficacy constitute matters of public concern. *See McKinley v. City of Eloy,* 705 F.2d 1110, 1115 (9th Cir.1983). At the time of Weast's removal, it was also clearly established that the balancing test set forth in *Pickering v. Bd. of Township High Sch. Dist. 205,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), weighed in his favor. *See Roth v. Veteran's Admin.,* 856 F.2d 1401, 1407–08 (9th Cir.1988) (holding that "[d]efendants cannot rely on disruption which they instigated or exacerbated to outweigh [plaintiff's] first amendment rights").

■ In fact, defendants do not contend that Weast's whistleblowing in and of itself was disruptive and caused his removal. Rather, they argue that Weast was removed because of poor conduct and generally disruptive behavior. As explained in *Rivero v. City and County of San Francisco,* 316 F.3d 857 (9th Cir.2002), the issue of causation is "to be determined by the jury under the ordinary standard of proof for factual questions in a civil case." *Id.* at 865. The district court's refusal to enter judgment as a matter of law should be overturned only if "the evidence, construed in the light most favorable to the nonmoving party, permits only a conclusion contrary to the jury's verdict." *Id.* at 863. In this case, there was sufficient evidence to support the jury's rejection of defendants' argument and its conclusion that-Weast would not have been removed as supervisor in the absence of his whistleblowing speech. Similarly, the evidence, construed in the light most favorable to Weast, does not require a conclusion opposite from the one reached by the jury with respect to Sheriff Shields' liability or with respect to the County's liability. That is, the jury could have reasonably concluded that the Sheriff was involved in the decision to remove Weast and that, in making the decision, the Sheriff acted as a final policymaking authority or had his decision ratified by another final policymaking authority. Indeed, defendants did not object to the jury instruction regarding municipal liability, nor did they offer the jury any evidence to demonstrate that the Sheriff did not exercise policymaking authority.

Defendants also argue that the County and the individually named defendants cannot be liable for the same conduct, although they cite no cases in support of this proposition. We have, however, held both municipal and individual defendants liable for such conduct in § 1983 cases on a number of occasions, *see, e.g., Hyland v. Wonder,* 117 F.3d 405 (9th Cir.1997), and

---

1. Both of these issues are questions of law. *See Connick v. Myers,* 461 U.S. 138, 148 n. 7, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983); *Roth v. Veteran's Admin.,* 856 F.2d 1401, 1405, 1407 (9th Cir.1988).

we see no reason to bar contemporaneous liability here.

█ Finally, we reject the defendants' argument with respect to punitive damages. Defendants failed to object to the punitive damages jury instruction at trial. Therefore, they have waived their right to object to it on appeal. *See Larez v. City of Los Angeles,* 946 F.2d 630, 639 (9th Cir. 1991). Even if defendants had not waived their punitive damages objection, they could not prevail because the instruction given to the jury was correct as a matter of law, *see id.* at 639; *see also Smith v. Wade,* 461 U.S. 30, 33, 45–46, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983) (rejecting the argument that a jury is required to find evil motive or malice before awarding punitive damages), and the jury award was supported by sufficient evidence. *See Lambert v. Ackerley,* 180 F.3d 997, 1012 (9th Cir.1999) (en banc).

As discussed above, there was sufficient evidence for the jury to find that the defendants acted in complete indifference to Weast's First Amendment rights for the purpose of imposing ordinary compensatory liability. Consequently, there was also sufficient evidence for the purpose of imposing punitive damages. *See Larez,* 946 F.2d at 649; *see also Smith,* 461 U.S. at 53, 103 S.Ct. 1625 (approving an overlapping standard for compensatory and punitive damages in § 1983 cases involving reckless or callous indifference and noting that the common law has never required a higher threshold for punitive damages). "Once the threshold standard for punitive damages is met (which, as here, may be the same as the substantive standard for ordinary liability), we cannot review the jury's decision to award punitive damages, which represents its discretionary moral judgment about [the defendants'] culpability." *Larez,* 946 F.2d at 649.

AFFIRMED and REMANDED for further proceedings consistent with this judgment.